IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 JUL 19 P 12: 53

| | |
|---|---|
| Keith Lawson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:06cv641 |
| | ) CV_____ |
| City of Alexander City, | ) |
| Mayor Barbara H. Young and | ) |
| Danny Peppers in their individual | ) |
| capacities, | ) JURY DEMAND |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**I.    INTRODUCTION**

1.    This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. 1981a (hereinafter "Title VII"); 42 U.S.C. § 1981 (hereinafter "§ 1981"); and the Fourteenth Amendment to the Constitution of the United States. The plaintiff asserts his claims for relief for the defendants' violations of § 1981 and the Fourteenth Amendment through 42 U.S.C. § 1983 (hereinafter "§ 1983"). The plaintiff requests a trial by jury of all issues triable by a jury.

1

## II. JURISDICTION AND ADMINISTRATIVE EXHAUSTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

3. The unlawful employment practices alleged hereinbelow were committed by the defendants within Tallapoosa County, the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), 28 U.S.C. § 2201, 28 U.S.C. § 2202 and 42 U.S.C. § 2000e-5.

5. The plaintiff has met all conditions precedent for filing this case under Title VII.

## III. PARTIES

6. Plaintiff, Keith Lawson, is an African-American male citizen of the United States over the age of nineteen (19) years and was at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama.

7. The defendant, City of Alexander City, hereinafter "the defendant," is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by 42 U.S.C. Section 1981a. At all times pertinent to the matters alleged herein, the defendant City has employed fifteen (15) or more employees.

8. Individual defendant Mayor Barbara H. Young is being sued in her individual capacity and is subject to suit for the Section 1981 and Fourteenth Amendment constitutional violations referenced in this complaint.

9.  Individual defendant Superintendent Danny Peppers is being sued in his individual capacity and is subject to suit for Section 1981 and the Fourteenth Amendment constitutional violations referenced in this complaint.

## IV.  FACTS

10. Plaintiff Lawson was hired with the defendant City on December 20, 2004, and he was transferred to the Meter Reader Department on August 10, 2005 where he reported to the Supervisor of the Meter Readers Department, Danny Peppers.

11. Supervisor Peppers falsely accused the plaintiff of estimating meter readings as opposed to reading them.

12. Peppers met with Mayor Barbara H. Young, who joined with Peppers in deciding to terminate the plaintiff for a non-legitimate reason.

13. Similarly situated white meter readers have estimated rather than read meters, which resulted in customers being overcharged, but they have not been discharged.

14. The defendants replaced the plaintiff with a white man named Richard Hall.

15. The defendant City currently has no African American permanent meter readers.

## V.  CAUSE OF ACTION – RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. SECTION 1981 AND THE EQUAL PROTECTION CLAUSE

16. The plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail hereinbelow.

17. During the plaintiff's employment, the defendants discriminated against him because of his African-American race in terminations, job assignments, wages, and other terms, conditions and privileges of his employment.

18. The defendants terminated the plaintiff for a non-legitimate pretextual reason.

19. The real reason the defendants terminated the plaintiff is the plaintiff's African-American race.

20. As is discussed above, the defendants' conduct was based, at least in part, on the plaintiff's race. The defendants thus have violated the proscription against race discrimination found in Title VII, 42 U.S.C. 1981 and the Equal Protection Clause.

21. The plaintiff asserts his Equal Protection claims through § 1983. The discriminatory actions of defendants described in this Complaint, were taken under color of State law. Defendants' actions, as stated in this Complaint, constitute purposeful discrimination and are arbitrary and capricious. As such, defendants have deprived plaintiff of his rights to equal protection under the Fourteenth Amendment to the United States Constitution.

22. Said racial discrimination was done maliciously, willfully, with deliberate indifference, and with reckless disregard for the rights of the plaintiff.

23. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

24. The plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**VII. PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the plaintiff a declaratory judgment holding that the actions of the

defendants described hereinabove violated and continues to violate the rights of the plaintiff as secured by Title VII, §1981, and the Fourteenth Amendment.

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendants and on the defendants' behalf from continuing to violate Title VII, §1981, and the Fourteenth Amendment.

3. Issue an injunction ordering the defendants not to engage in race discrimination and to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct.

4. Grant the plaintiff an order requiring the defendants to make the plaintiff whole by awarding him the positions he would have occupied in the absence of race discrimination (or frontpay).

5. Grant the plaintiff an order requiring the defendants to make the plaintiff whole by requiring the defendants to pay to the plaintiff backpay (plus interest); compensatory, punitive (only against the individual defendants) and/or nominal damages; and any lost seniority, benefits, and pension.

6. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Counsel for Plaintiff

5

**OF COUNSEL**:
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS ADDRESSES:**
City of Alexander City
Louise Hardman, City Clerk
4 Court Square
Post Office Box 552
Alexander City, Alabama 35011-0552

Mayor Barbara H. Young
P.O. Box 552
Alexander City, Alabama 35011

Danny Peppers
Meter Readers Superintendent
P.O. Box 552
Alexander City, Alabama 35011