IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Keith Lawson,                          ) | |
|       ) | |
|     Plaintiff,            ) | |
|       ) | |
| v.                                           ) | CASE NO.  3:06-cv-641 |
|       ) | |
| City of Alexander City,              ) | |
| Mayor Barbara H. Young and   ) | |
| Danny Peppers, in the individual ) | |
| capacities,                               ) | |
|       ) | |
|     Defendants.     ) | |

## ANSWER

**COME NOW** the Defendants and herewith give answer as follows:

**I.   INTRODUCTION**

1.   Defendants deny the allegations of paragraph 1.

**II.   JURISDICTION AND ADMINISTRATIVE EXHAUSTION**

2.   The allegations of paragraph 2 relate to legal matters and no answer is required on behalf of these Defendants but to the extent one is, Defendants deny all allegations.

3.   Defendants aver that venue is proper; but otherwise deny any unlawful employment practices and deny the allegations of paragraph 3.

4.   The allegations of paragraph 4 relate to legal matters and no answer is required on behalf of these Defendants but to the extent one is, Defendants deny all allegations.

5.   Defendants deny the allegations of paragraph 5.

1

**III.    PARTIES**

6.    Defendants, on information and belief, admit the allegations of paragraph 6.

7.    To the extent paragraph 7 alleges any wrongdoing on behalf of the City, same is denied; otherwise, Defendants admit the allegations of paragraph 7.

8.    Defendants deny the allegations of paragraph 8.

9.    Defendants deny the allegations of paragraph 9.

**IV.    FACTS**

10.    Defendants, on information and belief, admit the allegations of paragraph 10.

11.    Defendants deny the allegations of paragraph 11.

12.    Defendants deny the allegations of paragraph 12.

13.    Defendants deny the allegations of paragraph 13.

14.    Defendants admit a white male was hired for the position that had been held by Plaintiff; otherwise, Defendants deny the allegations of paragraph 14.

15.    To the extent the allegations of paragraph 15 allege any wrongdoing on behalf of Defendants, same is denied; otherwise, Defendants admit the allegations of paragraph 15.

**V.    CAUSE OF ACTION - RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII, 42, U.S.C. SECTION 1981 AND THE EQUAL PROTECTION CLAUSE**

16.    Defendants realleges and incorporates by references its response to paragraphs 1-15 above with the same force and effect as if fully set out in specific detail herein below.

17.    Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

**VII PRAYER FOR RELIEF**

1. Defendants deny Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

Defendants deny all allegations of the Complaint not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE

Defendants aver the Complaint and each count fail to state a cause of action entitling Plaintiff to relief.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny Plaintiff has been wronged and denies Plaintiff is entitled to any relief.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff did not suffer an illegal adverse employment action.

### FIFTH AFFIRMATIVE DEFENSE

Defendants aver this Court lacks subject matter jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

Defendants aver Plaintiff did not timely file a Charge of Discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff has not met the preconditions for maintenance of a Title VII suit.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants aver this suit is not timely filed.

### NINTH AFFIRMATIVE DEFENSE

All Plaintiff's claims, as alleged in his Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

### TENTH AFFIRMATIVE DEFENSE

Defendants aver Plaintiff cannot pursue any claim that is not "like or related" to the claims raised in his original Charge of Discrimination which is the statutory predicate for those claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiff's claims are barred in that Plaintiff failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead estoppel and/or laches and/or waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants aver Plaintiff's own actions or inactions caused or contributed to any injury or damage hence Plaintiff is barred from recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants aver that all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants aver that all employment decisions were based on a reasonable and rational basis.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants deny the existence of any custom or policy that allegedly resulted in the violation of Plaintiff's constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants plead immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants deny they discriminated against the Plaintiff.  However, if the fact finder reaches a contrary conclusion, the Plaintiff cannot establish that he was damaged or injured by any action of any Defendant since the same decisions would have been made absent any impermissible consideration.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants plead the statutory cap applicable to any claim for damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants aver each is immune from punitive damages. See *City of Newport v. Fact Concepts, Inc.*, 453 U.S. 247 (1981); *Walters v. City of Atlanta*, 803 F.2d 1135 (11th Cir. 1986).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff is allowed to seek punitive damages, Defendants aver that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a.    <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b.    <u>Sixth Amendment to the Constitution of the United States</u>: Punitive damages are penal and nature and, consequently, the defendant is entitled to the dame procedural safeguards accorded to criminal Defendants.

    c.    <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the defendant that are penal

    and nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

  d. <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the defendant were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

## **TWENTY-THIRD DEFENSE**

Plaintiff is barred from the recovery of front pay, reinstatement or other injunctive relief because he made misrepresentations on his employment application that would have otherwise caused him to be terminated.

## **TWENTY-FOURTH DEFENSE**

The individual Defendants cannot be held liable pursuant to Title VII.

## **TWENTY-FIFTH DEFENSE**

The individual Defendants plead qualified immunity.

## **TWENTY-SIXTH DEFENSE**

These Defendants aver Plaintiff made material misrepresentations in his application which would have precluded his hiring and therefore Plaintiff is barred from any recovery.

              /s/ Randall Morgan
              RANDALL MORGAN (MOR037)
              Attorney for named Defendants

**OF COUNSEL:**
**HILL, HILL, CARTER, FRANCO**
  **COLE & BLACK, P.C.**
P. O. Box 116
Montgomery, AL 36101
(334) 834-7600

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served by ***e-mail*** and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 22nd day of August, 2006 upon the following:

Jon C. Goldfarb, Esq.
Maury S. Weiner, Esq.
Wiggins, Childs, Quinn & Pantazis, P.C.
301 19th Street North
Birmingham, Alabama 35203

                                                                   /s/ Randall Morgan
                                                                OF COUNSEL